# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: GREGORY PAUL SZYMCZYK,          No. 18-11703-j7

    Debtor.

---

DIANE GENTRY,

    Plaintiff,

v.          Adversary No. 18-1059j

GREGORY PAUL SZYMCZYK,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on the Plaintiff's Motion for Partial Summary Judgment ("Motion") (Docket No. 11). Plaintiff seeks partial summary judgment on her non-dischargeability claim under 11 U.S.C. § 523(a)(15) based on an Amended Equitable Distribution Order ("EDO") directing Defendant Gregory Paul Szymczyk to pay Plaintiff Diane Marie Szymczyk (n/k/a Diane Gentry) a distributive award of $600,000 plus interest. Defendant opposes the Motion, asserting that Plaintiff failed to offer a sufficient evidentiary foundation for the admission of the EDO to demonstrate that it was entered in connection with the parties' divorce. *See* Docket No. 12. Plaintiff filed a reply. *See* Docket No. 13. The Court finds that the authenticated copy of the EDO attached to the Motion is sufficient to establish on summary judgment that the monetary award in the EDO represents a debt owing to a former spouse that is not a "domestic support obligation" and was "incurred by the debtor . . . in connection with a separation agreement, divorce decree, or other order of a court of record" within the meaning of § 523(a)(15). Plaintiff is, therefore, entitled to partial summary judgment.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is governed by Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056. The Court will grant summary judgment when the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). The party seeking summary judgment must set forth by number all material facts the movant contends are not subject to genuine dispute and refer with particularity to portions in the record upon which the movant relies. *See* NM LBR 7056-1(a). A motion for summary judgment must be supported by admissible evidence. *See* Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must "'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990)).

The "party opposing a properly supported motion summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). New Mexico Local Bankruptcy Rule 7056-1(b) requires the party responding to a motion for summary judgment to give a concise statement of the material facts the respondent asserts are in genuine dispute,

number each material fact, and identify by number each of the moving party's material facts that respondent asserts is disputed.  NM LBR 7056-1(b).

Defendant takes issue with only one of Plaintiff's numbered undisputed facts, fact No. 8. Plaintiff's Fact No. 8 states:

> In connection with their divorce, the Court in North Carolina entered an Amended Equitable Distribution Order on July 7, 20-16.

Defendant complains that Plaintiff "failed to offer an evidentiary foundation for its admission or consideration concerning that the Amended Equitable Distribution Order is in connection with their divorce."  Response, ¶ 1.

Plaintiff attached to her Motion a copy of the EDO together with an Exemplification from the Clerk of the Superior Court of Wilson County, North Carolina, certifying that the attached copy of the EDO is a true and accurate copy of the EDO entered in 06 CV 2558, Diane Marie Szymczyk a/k/a Diane Marie Gentry vs. Gregory Paul Szymczyk. *See* Motion, Exhibit B.  The certified copy of the EDO is admissible evidence for purposes of summary judgment.  *See* Fed. R. Civ. P. 56(c), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056 (requiring the moving party to support factual positions with admissible evidence); Fed. R. Evid. 902(4) (certified copies of public records are self-authenticating).

## FACTS

The following facts are not subject to genuine material dispute:

1. Plaintiff is a resident of North Carolina.

2. Defendant filed a voluntary petition under Chapter 7 of the bankruptcy code as Case No. 18-11703j7.

3. Plaintiff is Defendant's former spouse.

4. Plaintiff and Defendant were married in 1987.  *See,* EDO, ¶ 1.

5. Plaintiff and Defendant divorced in 2008 in North Carolina. *See* EDO, ¶ 4.

6. The General Court of Justice, District Court Division, North Carolina, Wilson County ("North Carolina Court") entered the EDO on July 7, 2016. *See* EDO, Exhibit B attached to Motion.

7. The EDO states that the purpose of the hearing was to "determine distribution of the marital assets and a final resolution of all equitable distribution matters." *Id.* at p.1.

8. The EDO ordered Defendant to "pay Plaintiff the amount of $600,000.00, together with 8% interest there on from the date of entry of his order to the date of payment thereof." EDO, Decretal paragraph ¶ 2.

DISCUSSION

Section 523(a)(15) makes non-dischargeable in Chapter 7 cases a debt owing:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

Debts described in § 523(a)(5) are domestic support obligations, defined as debts owing to a former spouse that are "in the nature of alimony, maintenance, or support." 11 U.S.C. § 101(14A). *See also Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 425 (10th Cir. BAP 2012), *aff'd* 737 F.3d 670 (10th Cir. 2013) ("The distilled essence of § 101(14A) defines a domestic support obligation as 'a debt [ ] that is in the nature of [ ] support [ ] of such [ ] former spouse [ ].'").[1] To establish a nondischargeable claim under § 523(a)(15), Plaintiff must demonstrate, by a

---

[1] Because § 523(a)(15) expressly applies to debts that are *not* domestic support obligations, § 523(a)(15) broadens the scope of marital obligations excepted from discharge. *See Taylor,* 478 B.R. at 427 n.26 ("Congress enacted § 523(a)(15) to broaden the types of marital debts that are nondischargeable beyond those described in § 523(a)(5)[.]"). *See also Fox v. Kelly (In re Kelly)*, 549 B.R. 275, 281 (Bankr. D.N.M. 2016) (observing that §

-4-

Case 18-01059-j    Doc 16    Filed 02/04/19    Entered 02/04/19 15:52:37 Page 4 of 8

preponderance of the evidence[2], that the debt at issue 1) is owed to debtor's former spouse; 2) is not a domestic support obligation; and 3) was incurred "in connection with" a divorce "or other order of a court of record." 11 U.S.C. § 523(a)(15). The facts not subject to genuine dispute satisfy all three elements.

First, it is undisputed that Plaintiff is Defendant's former spouse. Plaintiff's Motion identifies as an undisputed fact that the parties were married in 1987 and divorced in 2008. *See* Motion, Undisputed Material Fact No. 7. Defendant did not dispute that fact in his response. The EDO likewise recites that the parties were married in 1987 and divorced in 2008.

Second, the monetary award granted by the EDO is not a domestic support obligation. The EDO states that claims for child custody and support have already been adjudicated, and that the purpose of the hearing that resulted in the EDO was to "determine distribution of the marital assets and a final resolution of all equitable distribution matters." EDO, p. 1. Because the EDO did not award support, and instead represents a debt in the nature of a property division, it necessarily is not a domestic support obligation of the kind described in 11 U.S.C. § 523(a)(5). *Cf. In re Uzaldin,* 418 B.R. 166, 171 (Bankr. E.D. Va. 2009) (domestic support obligations do not include debts arising from a property settlement or an equitable distribution award); *In re Conte*, No. 11-77836-ast, 2012 WL 4739339, at *6 (Bankr. E.D.N.Y. Oct. 3, 2012) ("A claim arising from equitable distribution or a property settlement is not treated as a DSO.") (citing *In re St. Clair*, 2011 WL 6888369, at *2–3 (Bankr. D.N.J. Dec. 29, 2011)).

---

523(a)(15) "expands the range of marital obligations beyond those covered by § 523(a)(5), and is construed more liberally than other exceptions to discharge found in § 523(a).") (citation omitted).
[2] *See Grogan v. Garner*, 498 U.S. 279, 263, 111 S. Ct. 654, 112 L.Ed.2d 755 (1991) (establishing preponderance of the evidence standard of proof for non-dischargeability actions); *Bernritter v. Bernritter (In re Bernritter)*, Adv. No. 13-6115, 2014 WL 2718592, at *2 (Bankr. D. Kan. June 10, 2014) (applying preponderance of the evidence standard to non-dischargeability claim under § 523(a)(15)).

Third, the Defendant incurred the debt as a result of a court order. The North Carolina Court entered the EDO in favor of Plaintiff and against Defendant in July of 2016. Nevertheless, Defendant questions whether Plaintiff has demonstrated that the debt represented by the EDO is sufficiently connected to the parties' divorce or separation. Under North Carolina Law, a party may file a claim for equitable distribution "[a]t any time after a husband and wife begin to live separate and apart from each other." N.C. Gen. Stat. § 50-21(a). Although the determination of equitable distribution of marital assets under N.C. Gen. Stat. § 50-21 need not be accompanied by a petition for dissolution of marriage and is not dependent upon divorce, *In re Jones,* 556 B.R. 219, 221 (Bankr. E.D.N.C. 2016) (observing that "the statutory procedures for equitable distribution only require that the parties be separated, not divorced."),[3] the North Carolina General Assembly "intended equitable distribution actions to be available only when there has been a divorce or when there is anticipation of the parties getting a divorce." *Brown v. Brown* , 539 S.E.2d 621, 623, 353 N.C. 220 (N.C. 2000). Equitable distribution under North Carolina law "is a statutory right . . . inextricably linked with divorce proceedings." *Id.* at 625. The EDO issued pursuant to the North Carolina equitable distribution statute is, therefore, necessarily linked to the parties' divorce.

It is also clear from the face of the EDO that it was issued in connection with the parties' divorce. The EDO recites that the parties were divorced, that the claims for child custody and support have been resolved, and that the only pending issue in the matter is equitable distribution. EDO, p. 1. The North Carolina Court awarded Plaintiff a "monetary equitable distribution" based on its conclusion that an equal division of the marital property was not equitable because Mr. Szymczyk wasted and converted marital assets. *See* EDO, Findings Nos.

---

[3] *See also McIver v. McIver*, 374 S.E.2d 144, 147, 92 N.C. App. 116 (N.C. Ct. App. 1988) (rejecting husband's argument that a party asserting a claim for equitable distribution must first be a party to an existing divorce action).

9, and 12 – 19, and Conclusion of Law Nos. 1 and 3. This is sufficient to tie the equitable distribution award to the parties' divorce or separation. *Cf. Merritt v. Dunston (In re Merritt)*, No. 99-81948C-7D, 2001 WL 1699697, at *4 (Bankr. M.D.N.C. Aug. 30, 2001) (determining that a payment ordered as part of an equitable distribution between spouses under North Carolina law is a debt of the type excepted from discharge under § 523(a)(15)). *See also In re Ruitenberg,* 745 F.3d 647, 649 (3d Cir. 2014) (acknowledging that equitable distribution claims are non-dischargeable in Chapter 7 under § 523(a)(15)).

Defendant also complains that Plaintiff has failed to establish the amount of the debt. The EDO awarded Plaintiff $600,000, plus interest at 8% from the date of entry of the judgment until paid. *See* EDO p. 3. No evidence has been presented to the Court to establish whether any amount of the equitable distribution award has been paid. But the Court need not quantify the amount of the non-dischargeable debt in order to declare the debt non-dischargeable. *Cf. Kelly*, 549 B.R. at 282 (declaring the debt non-dischargeable but declining to quantify the amount of the non-dischargeable debt where defendant presented evidence that some portion of the debt had been paid).[4]

In sum, the facts not subject to genuine dispute establish that the EDO falls squarely within the parameters of § 523(a)(15). It represents a debt 1) to a former spouse, 2) incurred by the debtor, 3) in connection with the parties' divorce as an "order of a court of record." 11 U.S.C. § 523(a)(15).

---

[4] *See also MacArthur Co. v. Cupit (In re Cupit)*, 514 B.R. 42, 56 (Bankr. D. Colo. 2014), *aff'd,* 541 B.R. 739 (D. Colo. 2015) ("While federal law controls the issue of non-dischargeability, a determination of the existence and amount of the underlying debt is controlled by state law or other relevant non-bankruptcy law.") (citations omitted).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED.  The debt represented by the EDO is non-dischargeable in the Defendant's bankruptcy case under 11 U.S.C. § 523(a)(15).

／s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   February 4, 2019

COPY TO:

Alfred Sanchez
Attorney for Plaintiff
400 Gold Ave SW, Suite 240
Albuquerque, NM 87102-3245

Gerald R Velarde
Attorney for Defendant
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027